**COZEN O'CONNOR, P.C.**
*A Pennsylvania professional corporation*
By: Jason A. Cabrera (NJ 077342013)
1010 Kings Highway South
Cherry Hill, NJ 08034
Phone: 215-665-7267
    *Attorneys for Defendant JP Morgan Chase & Co.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE & COMPANY, PRIDE TECHNOLOGIES, BRITNI COMBS, JOHN DOES (1-10) and JANE DOES (1-10),<br><br>    Defendants. | Civil Action No. _____<br><br>[formerly Superior Court of New Jersey, Law Division, Hudson County, Case No. HUD-L-001600-23] |

### NOTICE OF REMOVAL

TO: CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendant JP Morgan Chase and Company ("Defendant"), by and through its undersigned counsel, hereby gives notice of its removal of the case styled *Michelle Hoffman v. JP Morgan Chase & Company, Pride Technologies, Britni Combs, John Does (1-10) and Jane Does (1-10)*, originally filed in the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey. In support thereof, Defendant states:

### INTRODUCTION

1. Defendant files this Notice of Removal to remove to this Court an action that could have originally been filed here under its diversity jurisdiction, 28 U.S.C. § 1332, but was instead filed in the Superior Court of New Jersey, Law Division, Hudson County, at Case No. HUD-L-001600-23 by Plaintiff Michelle Hoffman ("Plaintiff" or "Hoffman").

2. All prerequisites for removal have been satisfied and all deadlines complied with.

## THE STATE COURT COMPLAINT

3. On or about May 8, 2023, Plaintiff initiated an action by filing a complaint in the Superior Court of New Jersey, Law Division, Hudson County against JP Morgan Chase & Company; Pride Technologies; Britni Combs, individually; as well as fictitious defendants. A copy of the Complaint is attached as Exhibit 1. When referred to collectively, all named defendants may be identified as "Defendants."

4. The Complaint alleges three causes of action against Defendants: two claims arising under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq., and one count of intentional infliction of emotional distress.

5. In the Complaint, Plaintiff demanded: (a) compensatory and consequential damages; (b) punitive and statutory damages; (c) pre-judgment and post-judgment interest; (d) counsel fees and costs of suit; and (e) such other relief as the court deems just and equitable. *See* Ex. 1 at pp. 8, 9, & 10.

## GROUNDS FOR REMOVAL AND AMOUNT IN CONTROVERSY

6. This Court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### Complete Diversity Exists

7. Plaintiff alleges that she resides in New Jersey. Ex. 1 at ¶ 1.

8. Upon information and belief, Plaintiff has a driver's license issued by New Jersey.

9. Upon information and belief, Plaintiff is registered to vote in New Jersey.

10. Upon information and belief, Plaintiff sought an elected position on the Borough Council of High Bridge, New Jersey in 2022.

11. At the time the Complaint was filed in state court and is now removed to this Court, Plaintiff was and remains a citizen of New Jersey.

12. Defendant JP Morgan Chase and Company is a publicly traded company, incorporated in Delaware and with a principal place of business in New York.

13. For diversity jurisdiction purposes, JP Morgan Chase and Company is a citizen of Delaware and New York.

14. Defendant has very few direct employees and was not in any way involved in or connected to Plaintiff at any time; instead, Plaintiff was assigned to work with a unit of JPMorgan Chase Bank, N.A. ("JPMC-NA").

15. JPMC-NA is a national banking association chartered by the Office of the Comptroller of the Currency, with its main office in Columbus, Ohio.

16. To the extent Plaintiff alleges or intends to allege she was jointly employed by an JPMC entity and Pride Technologies, the JPMC entity at issue would be JPMC-NA, not JP Morgan Chase and Company.

17. For diversity jurisdiction purposes, JPMC-NA is a citizen of Ohio.

18. Defendant Pride Technologies ("Pride Tech.") is a limited liability company formed in the State of Delaware. Pride Tech. has only one member: Pride Capital Partners LLC.

19. Pride Capital Partners LLC is a limited liability company formed in the State of Delaware. Pride Capital Partners LLC has three members: Leo Russell, Cynthia Russell, and a traditional trust named "Leo James Russell 2021 Connecticut Dynasty Trust Dated December 22, 2021" (and hereafter referred to as the "Dynasty Trust").

20. Leo Russell and Cynthia Russell each reside and own a home in the State of Connecticut. Mr. Russell and Mrs. Russell maintain their domicile in the State of Connecticut.

21. For diversity jurisdiction purposes, Leo Russell and Cynthia Russell are each citizens of Connecticut.

22. The Dynasty Trust is a traditional trust and the trustee is Cynthia Russell. As noted above, Cynthia Russell maintains her domicile in the State of Connecticut and she is a citizen of Connecticut.

23. Pursuant to the Third Circuit's holding in <u>GBForefront LP v. Forefront Management Group LLC</u>, 888 F.3d 29 (3d Cir. 2018), "the citizenship of a traditional trust is based solely on that of its trustee" for diversity jurisdiction purposes. <u>Id.</u> at 39.

24. For diversity jurisdiction purposes, the Dynasty Trust is a citizen of Connecticut.

25. For diversity jurisdiction purposes, any LLC has the citizenship of all its members. Accordingly, based on the members of Pride Tech. and Pride Capital Partners LLC, Pride. Tech is a citizen only of Connecticut.

26. Defendant Britni Combs ("Combs") is an individual who is domiciled in Texas.

27. For diversity jurisdiction purposes, Combs is a citizen of the State of Texas.

28. Defendants John Does (1-10) and Jane Does (1-10) are fictitious names.

29. Under 28 U.S.C. § 1441(b)(1), the citizenship of fictitious entities is disregarded for purposes of determining diversity under 28 U.S.C. § 1332(a).

30. The named plaintiff in this action is a citizen of New Jersey; the named defendants in this action are citizens of Delaware, New York, Texas, and Connecticut. Accordingly, complete diversity exists under 28 U.S.C. § 1332(a).

31. Even if the proper JPMC entity (JPMC-NA) was named in the Complaint instead of JP Morgan Chase & Co., the named defendants would be citizens of Ohio, Texas, and Connecticut. Accordingly, completely diversity would exist under 28 U.S.C. § 1332(a) even if the proper JPMC entity was inserted into this action.[1]

---

[1] Defendant intends to seek a stipulation to replace the improperly-named public holding company with the proper JPMC entity, JPMorgan Chase Bank, N.A., at the appropriate time.

## Consent

32. Britni Combs consents to the removal of this action to this Court. See Exhibit 3.

33. Pride Tech. consents to the removal of this action to this Court. See Exhibit 4.

## Amount in controversy is satisfied

34. The Complaint filed in state court does not identify a specific amount in controversy and seeks nonmonetary relief. Accordingly, Defendant is entitled to assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2).

35. Plaintiff's pay rate while assigned to JPMC-NA was $65/hour, and she regularly worked 40 hours in a given week.

36. Accordingly, Plaintiff roughly earned annual compensation in the amount of over $135,000.

37. Prior to the filing of the Complaint, Plaintiff's attorney submitted a demand letter to counsel for JPMC-NA, which communicated a demand for an amount greater than $75,001.

38. Plaintiff asserts in her Complaint that her purported employment was terminated on a discriminatory or retaliatory basis and that she suffered "severe economic and non-economic damages" as a result of Defendants' alleged actions.

39. Plaintiff asserts in her Complaint that she was terminated on or around December 2, 2022. Complaint, Exh. 1, at ¶ 50.

40. As of the date of the removal of this action, Plaintiff has not been assigned to work with JPMC-NA or Pride Tech. for over six months.

41. Considering only her alleged economic wage loss from the period of December 2, 2022 to the present, Plaintiff's back pay damages would be $67,600.00 in earnings.

42. Plaintiff seeks not only compensatory damages but also "consequential damages, punitive and statutory damages, pre-judgment and post-judgment interest, counsel fees and costs

of suit" as well—all of which are authorized under the LAD for successful claimants.

43. Plaintiff also seeks damages for her alleged suffering "overwhelming emotional distress, anger, frustration, anxiety, and despair, manifesting as physical and emotional symptoms."

44. While Defendant disputes that Plaintiff has suffered any damages and disputes that any defendant is liable to Plaintiff under any of the theories alleged in the Complaint, Defendant alleges that the amount in controversy for this action exceeds the jurisdictional threshold of $75,000.

45. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

46. Defendant was served with a copy of the initial pleading setting forth Plaintiff's claim for relief on May 12, 2023. See Exhibit 5.

47. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is being filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading filed in State court.

## PROCESS, PLEADINGS, AND ORDERS FROM STATE COURT

48. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached all pleadings, process, papers, and orders from the state court action prior to the filing of this Notice, to wit: the Complaint and Civil Case Information Statement (Exhibit 1), the Track Assignment Notice (Exhibit 2), the Affidavit of Service on Defendant (Exhibit 5); the Affidavit of Service on Combs (Exhibit 6); and the Affidavit of Service on Pride Tech. (Exhibit 7).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

49. Pursuant to 28 U.S.C. § 1446(d), Defendant will serve a copy of this notice and this filing to all parties in the state action and will file a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County promptly after the filing of this Notice in this Court.

**WHEREFORE**, **NOTICE** is given that the state court action from the Superior Court of New Jersey, Law Division, Hudson County at Case No. Case No. HUD-L-001600-23 is **REMOVED** from that court to the United States District Court for the District of New Jersey.

Respectfully submitted,

COZEN O'CONNOR

Dated: June 8, 2023

*/s/ Jason A. Cabrera*
By: Jason A. Cabrera (NJ 077342013)
1010 Kings Highway South
Cherry Hill, NJ 08034

*Counsel for Defendant JP Morgan Chase & Co.*